UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
BROADBRIDGE FINANCIAL SOLUTIONS,                            :
INC.,                                                       :
                                                            :
                *Plaintiff*,                              :   15 Civ. 4978 (PAC)
                                                            :
    -*against*-                                              :
                                                            :   **OPINION & ORDER**
CNBS, LLC,                                                  :
                                                            :
                *Defendant*.                              :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-23-16

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Broadbridge Financial Solutions, Inc., a Delaware corporation with its principal place of business in New York, sues CNBS, LLC, a limited liability company with its principal place of business in Kansas, alleging that CNBS failed to make payments pursuant to an agreement for outsourcing services and software licenses. Plaintiff asserts that the Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Compl. ¶ 6.

    Defendant moves to dismiss for want of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). The Court determines that Plaintiff has failed to meet its burden of establishing jurisdiction; and accordingly GRANTS Defendant's motion to dismiss, without prejudice.

## DISCUSSION

    District courts have subject matter jurisdiction over suits between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (internal quotation marks omitted). "The party seeking to invoke jurisdiction under 28 U.S.C. §

1

1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

Defendant is a limited liability company comprised of fourteen members. Lester Decl., Dkt. 21 ¶ 2. "For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members." *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001). Accordingly, the Court has jurisdiction only if Plaintiff demonstrates that it does not share citizenship with any of Defendant's members.

Three of Defendant's fourteen members are federally chartered credit unions. Lester Decl. ¶ 3. "The general rule with respect to [federal credit unions] is that . . . [they are] not considered to be a citizen of any particular state for the purpose of establishing diversity of citizenship." *TCT Fed. Credit Union v. Cumis Inc. Soc., Inc.*, No. 10 cv 150 (FJS), 2011 WL 817496, at *2 (N.D.N.Y. Mar. 2, 2011). Rather, they are considered stateless "national citizens" that are not amenable to § 1332(a) jurisdiction. *See Auriemma Consulting Grp., Inc. v. Universal Savings Bank, F.A.*, 367 F. Supp. 2d 311, 314-15 (E.D.N.Y. 2005). There is an exception, however, where the credit union's activities are "localized" within a single state. *Id.* at 313. If so, the credit union is deemed a citizen of just that state for diversity purposes. *Id.* To determine whether a federal credit union is "localized," courts consider the credit union's principal place of business, the location of branch offices, the volume of business transacted in different states, and "any other evidence that tends to show the local or national nature of the corporation's plans and operations." *TCT Fed. Credit Union*, 2011 WL 817496, at *2.

Defendant contends that two of its federal credit union members—Electrus Federal Credit Union and Tricorp Federal Credit Union—are national citizens and, as such, there is not diversity of citizenship. Lewis N. Lester, CNBS's CEO, states: "It is my understanding that the . . . federal chartered credit unions (natural person credit union) may be comprised of hundreds if not thousands

of individual members that may reside anywhere in the United States." Lester Decl. ¶ 3. Defendant also points to Electrus's website, which states that it has "Over 5,000 Branches Nationwide." Electrus Federal Credit Union, "Visit with Us," https://www.electruscu.com/about.htm.

Plaintiff attempts to poke holes in Defendant's arguments, contending that the Lewis declaration is improper because its hedged language suggests that Lester does not have personal knowledge of the facts asserted; and Electrus's claim of "Over 5,000 Branches Nationwide" refers to a shared arrangement with other national credit unions, not out-of-state Electrus branches. Nonetheless, Defendant's evidence is sufficient to raise the question; and Plaintiff, as the party invoking § 1332, has the burden of showing that the Court has jurisdiction. Contrary to Plaintiff's position, Plaintiff (not Defendant) has the burden of developing the factual record and demonstrating that none of Defendant's members are national citizens. Put another way, it is Plaintiff's burden to show that the federal credit union members are localized; it is not Defendant's burden to show that they are *not* localized. Since Plaintiff introduces no evidence at all, it has failed to meet its burden and the suit must be dismissed.

## CONCLUSION

The Court GRANTS Defendant's motion to dismiss for want of jurisdiction, without prejudice. The Clerk is directed to enter judgment for Defendant and terminate 15 cv 4978.

Dated: New York, New York
      March 23, 2016

SO ORDERED

*Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

3